**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 13 |
| CARLOS T. GOMEZ and | : | CASE NO. 11-22299 ASD |
| JOYCE M. GOMEZ | : | |
|     Debtor | : | |
| | | |
| STEPHANIE I. GOMEZ | : | ADV. PRO. NO. 12-02017 |
|     Plaintiff | : | |
| vs. | : | |
| | : | |
| CARLOS T. GOMEZ and | : | |
| JOYCE M. GOMEZ | : | |
|     Defendant | : | |
| | : | July 23, 2012 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

    Carlos T. Gomez and Joyce M. Gomez, the Defendants herein (the "Defendants"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of the Defendants' Motion to Dismiss dated July 23, 2012.

    I.    INTRODUCTION AND PROCEDURAL HISTORY

    The Defendants filed a petition under Chapter 13 of the Bankruptcy Code on July 30, 2011. On April 4, 2012, the Plaintiff filed a Complaint purporting to object to the dischargeability of her debt pursuant to 11 U.S.C. §523(a)(4)(A)(First Claim for Relief), §523(a)(2)(A)(Second Claim for Relief) and seeking to deny the Defendants a discharge pursuant to 11 U.S.C. §727(Third Claim for Relief)(the "Complaint"). The Defendants filed a Motion to Dismiss dated July 23, 2012 and respectfully submit this Memorandum of Law in support thereof. The Motion to Dismiss is filed pursuant to F.R.Civ.P. 12(b)(6), as made

1

applicable to these proceedings by F.R.Bankr.P 7012, on the grounds that the Complaint fails to state a claim upon which relief may be granted.

## II. LEGAL STANDARD FOR A MOTION FILED UNDER RULE 12(b)(6)

A motion to dismiss prosecuted pursuant to Rule 12(b)(6) is designed to test the legal sufficiency of a Complaint, not to weigh the evidence which might be presented at trial. *E.g., Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985); *see also York v. Association of Bar of City of New York,* 286 F.3d 122, 125 (2d Cir.2002) ("[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims"). *Accord Gant v. Wallingford Board of Ed.,* 69 F.3d 669, 673 (2d Cir.1995). The Supreme Court, in 2007, adopted a plausibility standard for a complaint to withstand a Rule 12(b)(6) motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2009). The complaint must state factual "allegations plausibly suggesting (not merely consistent with)" each of the elements necessary to entitle the plaintiff to the relief sought. *Id.* at 1966.

In *Ashcroft v. Iqbal,* 556 U.S. 662 (2007) the Supreme Court makes clear that the *Twombly* "facial plausibility" pleading requirement applies to all civil suits in the federal courts. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a motion to dismiss. Rather, "all civil complaints must

2

now set out sufficient factual matter to show that the claim is facially plausible." A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Six Flags, Inc. v. Parc Mgmt, LLC* (Bakr. Del. 2010)(internal citations omitted).

    III.    ARGUMENT

Defendant Joyce Gomez moves to dismiss the entire Adversary Proceeding as to her[1]. Defendant Carlos Gomez seeks dismissal of the First Claim for Relief and the Third Claim for Relief.

The Complaint alleges that the Plaintiff's mother, Joanna Mercedes Santiago Corniel ("Corniel), died in 1997 leaving[2] the Plaintiff the sum of $220,000.00. *See* Complaint, Paragraph 7 (hereinafter cited as "Comp., ¶__"). The Complaint further alleges that Defendant Carlos Gomez purchased a home with the funds (Comp., ¶10) and has been, and will continued to be, unjustly enriched by his ownership of same (Comp., ¶12). The Complaint alleges that Defendant Carlos Gomez failed to tender to the Plaintiff the funds left to her by Corniel (Comp., ¶15). There are no allegations anywhere in the Complaint that Defendant Joyce Gomez took any action in contravention of the Plaintiff's alleged rights to the funds left to her by Corniel.

The Plaintiff alleges, in the First and Second Claims for Relief, that Defendant Carlos Gomez breached his obligations as a fiduciary in violation of 11 U.S.C. §523(a)(4) and that the

---

[1] The Third Claim for Relief is not clear as to whether or not relief is sought as against Defendant Carlos Gomez only or *both* Defendants. The Motion to Dismiss seeks dismissal of the Third Claim for Relief as to any Defendants against whom relief is sought.

[2] Paragraph 7 of the Complaint indicates that the Corniel died intestate. Paragraph 15, however, indicates that the money left to the Plaintiff was pursuant to a last will and testament.

Defendant Carlos Gomez will be unjustly enriched in violation 11 U.S.C. §523(a)(2)(A), and seeks a determination that the debt alleged to be owed to her by Defendant Carlos Gomez be deemed non-dischargeable.  There are no allegations anywhere in the Complaint that Defendant Joyce Gomez took any action in contravention of the Plaintiff's alleged rights to the funds left to her by Corniel.

Without setting forth any additional facts, the Plaintiff claims that the Defendants should be denied a discharge in this case pursuant to 11 U.S.C. §727(a)(4)(A).

    A.    THE COMPLAINT DOES ALLEGE THAT JOYCE GOMEZ WAS A FIDUCIARY OF THE PLAINTIFF AND ACCORDINGLY THE FIRST CLAIM FOR RELIEF SHOULD BE DISMISSED AS TO HER

The Complaint does not allege that Joyce Gomez was a fiduciary of the Plaintiff.  In fact, the Complaint alleges no action by Joyce Gomez.  The only mention of Joyce Gomez is in the paragraphs citing Bankruptcy Code sections as a statutory basis for relief. (See: Comp., ¶15; Comp., ¶27).  In addition, the Plaintiff makes reference to Defendant Joyce Gomez in Paragraph 10, wherein the Plaintiff alleges that "[t]he Defendant, on January 4, 1999, shortly after receiving the money that was to be placed in a restricted account purchased a new home at 63 Hart Street, Bristol, Connecticut *with his wife, Joyce M. Gomez.*" [Emphasis Supplied].

To make a claim under 11 U.S.C. §523(a)(4), the Plaintiff must allege that the Defendant committed a defalcation while acting in a fiduciary capacity.  *Zielinska v. Smith (In re Smith)*, 469 B.R. 147 (Bankr. D. Conn., 2012)(Dabrowski, J.).  Alternatively, the Plaintiff must allege that the Defendant committed larceny or embezzlement as those offenses are defined by Federal

4

common law. *Killian v. Fucci (In re Fucci),* 2011 Bankr. LEXIS 1296, 15 (Bankr, D. Conn., 2011)(Dabrowski, J.)

A careful study of the Complaint reveals that the Plaintiff does not claim that Defendant Joyce Gomez took any action at all. Only Defendant Carlos Gomez is alleged to have been a fiduciary. When viewed in light of the *Iqbal* case, it is apparent that the Complaint does not meet the Federal pleading standard. The Complaint is not facially plausible because it does not allege even the basic facts from which the Court could find that the debt is non-dischargeable as to Joyce Gomez pursuant to 523(a)(4). Nowhere is it alleged that Joyce Gomez was a fiduciary to the Plaintiff. Even if she had been, the Complaint fails to set forth any factual basis that Joyce Gomez acted contrary to her obligations to the Plaintiff. For this reason, the First Claim for Relief must be dismissed as to Joyce Gomez.

### B. THE SECOND CLAIM FOR RELIEF SHOULD BE DISMISSED AS TO BOTH DEFENDANTS

The Second Claim for Relief seeks a determination of non-dischargeability as to both Defendants pursuant to 11 U.S.C. §523(a)(2)(A). In support thereof, the Complaint alleges that Defendant Carlos Gomez was placed in charge of certain funds given to the Plaintiff by Corniel (*See*: Comp., ¶9; Comp., ¶15), and thereafter Carlos Gomez misappropriated them for his own use and/or failed to turn over those funds to the Plaintiff (*See*: Comp., ¶13).

To make a claim under 11 U.S.C. §523(a)(2)(A), the Plaintiff must allege that: (1) the debtor made the representations; (2) at the time he knew they were false; (3) he made them with the intention and purpose of deceiving the creditor; (4) the creditor relied on such

5

representations; and (5) the creditor sustained the alleged loss and damage as the proximate result of the representation having been made. *Killian,* 2011 Bankr. LEXIS 1296, 8-9. To be actionable, the debtor's conduct must involve moral turpitude or intentional wrong; mere negligence, poor business judgment or fraud implied in law (which may exist without imputation of bad faith or immorality) is insufficient. *Id*.

The Complaint must be dismissed as to both Defendants because the funds were not *obtained* by fraud or false pretenses. Nowhere in the Complaint is it alleged that either Defendant made any false representations in order to obtain the funds, which is a requirement of a finding of non-dischargeablility under §523(a)(2). The Complaint is silent about what representations were made by the Defendants in order to obtain the funds. In fact the Complaint is devoid of any factual allegations required by *Killiam*. The Complaint does not allege that the Defendants made false representations or that the Plaintiff relied on them and turned money over to the Defendants. For these reasons, the Second Claim for Relief must be dismissed as to both Defendants.

### C. THE THIRD CLAIM FOR RELIEF MUST BE DISMISSED AS TO BOTH DEFENDANTS

The Third Claim for Relief seeks a denial of discharge as to both Defendants pursuant to 11 U.S.C. §727(a)(4). In order to deny discharge under §727(a)(4)(A), the Plaintiff must establish: (i) the debtor made a statement under oath; (ii) such statement was false;(iii) the debtor knew the statement was false;(iv) the debtor made the statement with fraudulent intent; and (v)

the statement related materially to the bankruptcy case. *Cadle Co. v. Smith (In re Smith)*, 351 B.R. 274 (Bankr. D. Conn. 2006)(Dabrowski, J.). Nowhere in the Complaint, however, is it alleged that the Defendants made any false statements in connection with their bankruptcy case. Paragraphs 30 and 31 of the Complaint state:

> 30. The Defendant Debtor, Carlos T. Gomez has not adequetly [sic] provided for the Plaintiff Creditor, Stephanie I. Gomez. By Discharging the Plaintiff Creditors Debt in the Chapter 13 proposed plan.
>
> 31. The Plaintiff Creditor, Stephanie I. Gomez is alleging the Defendant Debtor commenced fraud as a fiduciary, embezzlement and or larceny as such the amount claimed by the Plaintiff Creditor is non-disc arable pursuant to 11 U.S.C. 727(a)(4)(A).

The foregoing are the operative paragraphs seeking relief in the Third Claim for Relief. Paragraph 30 appears to point out a perceived deficiency of the Chapter 13 Plan, presumably under 11 U.S.C. §1325. If so, this allegation does not support a claim under §727(a)(4)(A). And Paragraph 31 restates the allegations contained in the First Claim for Relief (seeking determination of dischargeability pursuant to §523(a)(4)(A)), and accordingly lends no support to the Plaintiff's §727(a)(4)(A) claim.

### I.  CONCULSION

As has been shown herein, the Complaint fails to comply with the pleading standards recently articulated by the Supreme Court in *Ashcroft v. Iqbal*.  For this reason, the Defendant Joyce Gomez seeks dismissal of the entire Adversary Proceeding as to her.  Further, Defendant Carlos Gomez seeks dismissal of the First and Third Claims for Relief.

>THE DEFENDANTS,
>
>By: */s/ Gregory F. Arcaro*
>Gregory F. Arcaro, Esq.
>Arcaro Law Office
>310 Collins Street
>Hartford, CT 06105
>(860) 799-4800
>(860) 799-4801 Fax
>Federal Bar No. ct19781
>greg@arcaro-law.com